McIlvaine, J.
The testimony offered by the plaintiff below, in the court of common pleas, under the mandate from the district court, in support of liis motion for an order of sale, was incompetent.
The principal question in the case, however, arises upon the *504 decree of the district court, confirming the report of the referee, and relates to the construction of the agreement between the parties. Although the intent of the parties appears, at first glance upon the face of the agreement, to be somewhat involved in uncertainty, yet, upon careful consideration of all the stipulations contained in it, we think it quite clear that the construction of the referee was wrong.
While it may be said that this written instrument embodies two contracts, one for the sale of land, the other for the formation of a partnership, it is nevertheless quite apparent that each was an inducement for the other, and neither, as a separate contract, would have been entered into without the other; so that the meaning of the terms and stipulations of each must be construed in the light and by the aid of the other.
It is true that plaintiffs in error agreed to pay defendant in error (and his wife) $10,000, for four-fifths of the lands described. To the defendant in error, directly, $1,800, at times specified; then certain debts of the defendant in error, liens on the land, or other debts to be designated and agreed upon; and balance, if any, to the defendant in error; but it was expressly stipulated that the same should he paid as iher&mafiter specified. The subsequent specifications were that the vendor and the vendees should enter into a partnership for quarrying stone and marketing lime upon the premises, for the purpose of realizing the money necessary to make payment of the $10,000 purchase-money, and that the net profits of the partnership business should be applied in the payment of $10,000, purchase price of said lands. The interest of each and every partner in the net profits was to be so applied. This included the interest of the vendor as a partner of the firm. The inducement to the purchase, offered by the vendor to the purchasers, was, that his interest in the profits of the partnership should be dedicated as a means in their hands for the payment of the whole of the purchase-money; and then it was further stipulated that, “ after the said sum of ten thousand dollars is paid as herein agreed, and from that time forward, all are to be equal partners, and to share equally the profits of the said business, and to have equal interests in the lands and all the *505 property of the firm.” This clause clearly shows that the interest of the vendor in the profits of the business was to be appropriated to the use and benefit of the purchasers, until such profits should equal the purchase price of the land.
"We do not think that these subsequent stipulations released the purchasers from making payment at the times specified in the agreement, in case the net profits of the business did not accrue within the times named; but if other -means should be used in making payments at the time specified, the entire net profits of the concern were pledged to their re-imbursement. -Nor do we think that it was the intent of the parties that any portion of the purchase-money should be remitted in case no profits were realized by the firm, or if the profits should prove insufficient to folly discharge the debt.
' Upon the true construction of this contract, we think that the entire net profits of the business, to the extent of $10,000. if so much were realized, were to be surrendered to the use of the purchasers; but for any deficiency in that amount the vendor was not chargeable, unless such deficiency was caused by his default.
From these views, it follows, that upon the dissolution of the partnership, an account and settlement of its affairs should have been taken. And it also follows that the decree of the district court must be reversed for error in construing said-contract.
. Judgment of common pleas, and also the judgment of the district court affirming the same, and the judgment of the district court on appeal, are reversed, and cause remanded to the district court for further proceedings.